**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WISHTOYO FOUNDATION; CENTER FOR BIOLOGICAL DIVERSITY; VENTURA COASTKEEPER, a Program of Wishtoyo Foundation, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED WATER CONSERVATION DISTRICT, <br><br> Defendant-Appellant. | No.   19-55380 <br><br> D.C. No. 2:16-cv-03869-DOC-PLA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 12, 2020
Pasadena, California

Before: BERZON, TALLMAN, and R. NELSON, Circuit Judges.

United Water Conservation District ("United") appeals the district court's

grant of judgment to plaintiffs (collectively, "Wishtoyo") on their Endangered

Species Act claim regarding take of Southern California Steelhead. We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court properly held that the National Marine Fisheries Service ("NMFS") and other regulatory agencies were not necessary parties under Federal Rule of Civil Procedure 19(a)(1). The district court was careful to structure the injunction to provide relief to Wishtoyo without requiring the agencies' participation in the case. *See* Fed. R. Civ. P. 19(a)(1)(A).

United points to one sentence of the injunction providing that "NMFS shall respond promptly to a request for . . . assistance" when stranded fish need to be hauled or handled. In the context of the order as a whole, we do not read the district court's use of the word "shall" as ordering NMFS to take certain action but rather as recognizing that the agency can be expected to respond promptly when fish are stranded.

NMFS and the other regulatory agencies also have not claimed an interest relating to the subject of the action. *See* Fed. R. Civ. P. 19(a)(1)(B); *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1204–05 (9th Cir. 2020).

2. The district court did not err in relying on NMFS's incidental take statement in the biological opinion as one source of evidence that United's operations were taking steelhead. The incidental take statement explained that "[o]perating the Vern Freeman Diversion Dam, even with the reasonable and prudent alternative, is expected to cause incidental take of the endangered Southern California DPS of steelhead," and it specified the nature of the takes that were

2

expected. This "expected" language demonstrates that NMFS considered that takes of steelhead are "reasonably certain" to occur. *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 925 (9th Cir. 2000). We therefore need not decide whether it would be proper to rely on a less definite incidental take statement as evidence of take in a citizen suit under section 9 of the Endangered Species Act, 16 U.S.C. § 1538(a)(1)(B).

3.      The district court did not abuse its discretion in admitting into evidence NMFS's biological opinion and the testimony of NMFS officials. The introduction of the biological opinion was proper under the public records exception to the hearsay rule. Fed. R. Evid. 803(8). The district court relied on the biological opinion as one data point among others, not to establish United's liability. The NMFS officials were asked to testify by the district court; they were not expert witnesses for Wishtoyo who had not been disclosed. *See* Fed. R. Evid. 614(a).

4.      United does not challenge the district court's award of attorney's fees and costs to Wishtoyo except to request that this court vacate the fee award if it vacates the judgment. Because we affirm the judgment, we do not vacate the fee award.

5.      We deny Wishtoyo's motion for leave to file a surreply (Dkt. 41) and deny as moot Wishtoyo's motion to strike United's response to the proposed surreply (Dkt. 46). The district court's findings of fact and conclusions of law did

not rely upon the trial exhibits at issue; nor do we. So there is no need, for purposes of this appeal, to clarify whether they were admitted.

The judgment is **AFFIRMED.**